---o---

MAHONY and Another *v.* HUNTER's Executor.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Contract.*—*Fraud.*—Proceeding supplementary to execution under section 522 of the code, by the executor of A., execution plaintiff, against B., execution defendant, and C., alleged to be indebted to B. in an amount which, with other property of B. exceeded the amount exempt by law. It appeared in evidence, that B. had recovered a certain judgment payable in annual installments which he had assigned to C. upon the record, in consideration of which C. had agreed with B. to board, lodge, and take care of him for seven years, furnish him expense money, and pay a certain judgment against B.; that before service of notice on C. in this case he had sold the judgment so assigned to him to one D. for a valuable consideration; that in fulfilment of his contract C. had boarded and taken care of B. one year and eight months, and had paid the judgment against B. as agreed, and certain other sums to and for B.; that C. had the remainder of the judgment assigned to him by B.; that B. was not a resident householder; that C. had no property belonging to B. and was not indebted to him except his obligation to board, keep and take care of him under said contract.

*Held*, that in the absence of evidence of the disability of either of the parties to make the contract, it was valid and binding between them, and C. was only bound for the performance thereof according to its terms, or for damages for a breach of it should he fail to perform it.

*Held*, also, that the facts that the contract was of an unusual character and that a judgment was soon afterwards rendered against B. might throw suspicion on the good faith of the transaction on the part of B., but they did not establish fraud, especially on the part of C.

SAME.—*Trustee.*—In the same entry with the judgment assigned by B. to C. the latter was appointed trustee for the former, to hold in trust for him the

moneys and property therein adjudged to B. and required to give bond to B.; "to become trustee at the time when, and on the condition that he give bond," &c.

*Held*, that in the absence of proof that C. in fact became trustee he was not by this provision disabled from making the contract for the assignment of the judgment to himself.

APPEAL from the Ripley Circuit Court.

ELLIOTT, J.—This was a proceeding supplemental to execution, instituted by Morton C. Hunter, executor, &c., against the appellants, Minor and Mahony, under section 522 of the code. The sworn statement on which the proceeding is based alleges, that on the 2d day of March, 1866, John Hunter, the decedent, recovered judgment against Minor in the Ripley Circuit Court for $264.56 and costs of suit, taxed at six dollars and fifteen cents; that afterwards an execution was issued on the judgment, and placed in the hands of the sheriff of said county, who subsequently returned it, "no property found whereon to levy;" that Mahony is indebted to said Minor in the sum of four hundred dollars, which, with other property of Minor, exceeds the amount exempt by law from execution; and prays that Minor may be required to appear and answer as to his property, and Mahony as to his indebtedness to Minor. Mahony filed an answer under oath, which states that he has no property belonging to Minor, and is not indebted to him, except in the manner following:—That at the November term, 1865, of the court of Common Pleas of said county, said Minor, in a suit then pending in said court between him and his wife, Mary E. Minor, recovered a judgment against her for $1,000, $200 of which was due at the date of the decree and $200 annually thereafter, until the whole should be paid; that on the 1st of February, 1866, Minor assigned said judgment to him, Mahony, on the record thereof, and delivered to him certain articles of personal property of the value of $25. In consideration of which he agreed with Minor to board, lodge, and take care of him for the term of seven years, and to furnish him ex-

pense money, and to pay a judgment against Minor for $149.50; that afterwards, and before the service of notice on him in this case, he sold the judgment, so transferred to him by Minor, to one William Johnson, for a valuable consideration; that in fulfillment of the contract with Minor, he has boarded and taken care of him one year and eight months, and has paid him besides the sum of $85, and has also paid the judgment of $149.59, and has paid the further sum of $15.17 to one Roberts, a constable, for Minor; that he has the remainder of said judgment, after deducting the amounts so paid out, amounting to about $700, from which the value of Minor's boarding and care, which is claimed to be worth $700, should be deducted. He denies all fraud, and claims that he is in no wise indebted to Minor, except his obligation to board, keep and take care of him under said contract.

The answer of Minor is to the same effect as that of Mahony.

On the final hearing the court found for the plaintiff, and that the defendant Mahony, at the commencement of the proceedings, was indebted to Minor in a sum more than sufficient to satisfy the plaintiff's judgment, over and above the amount exempt by law from execution, and that there was then due on the plaintiff's judgment against Minor the sum of $304.20, and $6.15 his costs therein. Motions for a new trial were made and overruled; and thereupon the court ordered that Mahony pay into the court, within ninety days, for the use of the plaintiff, $304.20, with interest from the date of the order, and $6.15, the costs on said judgment, and, in default thereof, that an execution issue against his property for the collection of the same.

Overruling the motions for a new trial is assigned for error, and one of the reasons filed for a new trial is, that the finding of the court is contrary to the evidence.

The evidence is made a part of the record, and does not, in our judgment, sustain the finding and order of the court. It consists simply of the judgment in favor of John Hunter

against Minor, referred to in the plaintiff's affidavit; the execution issued thereon and its return of no property found; the answers of the appellants, the substance of which is hereinbefore stated; the judgment for $1,000 in favor of Minor against his former wife, and the assignment thereof to Mahony on the 2d of February, 1866; and the admission of record that Minor "was not a resident householder." The judgment of John Hunter against Minor was rendered on the 2d of March, 1866, just a month after the assignment of the judgment in favor of Minor to Mahony. The entry of the judgment of Hunter against Minor from the order book was alone given in evidence, and hence it does not appear that the suit was even pending at the time of the assignment of the judgment by Minor to Mahony. If Minor and Mahony were capable of making the contract for the assignment of the judgment set up in their answers, and there is no evidence of the disability of either of them, it was certainly competent for them to do so, and, as between them, the contract is valid and binding, and Mahony is only bound for the performance thereof according to its terms, or for damages for a breach of it, should he fail to perform it. If Minor was indebted at the time of the assignment of the judgment to Mahony, the evidence fails to show it, and especially does it fail to show that Mahony had any notice of such indebtedness.

The facts that the contract in which the judgment was assigned was of an unusual character, and that a judgment was soon afterwards rendered against Minor, may throw a suspicion upon the *bona fides* of the transaction, on the part of Minor, but they do not establish fraud, and especially on the part of Mahony.

In the same entry, and immediately following the rendition of the judgment in favor or Minor for $1,000, which he assigned to Mahony, is the following provision: "And it is further considered and adjudged, with the consent of said William Minor, that Turner D. Mahony be appointed trustee for the said Minor, to hold in trust for him the moneys

and property herein adjudged to him, the said Minor, and give bond in the sum of $1,500 to said Minor, to become said trustee at the time when, and on the condition that he give bond in the sum of $1,500 for the faithful discharge of his duties." And it is insisted, on the part of the appellee, that it was a violation of the spirit of the trust for Mahony, the trustee, to procure from Minor an assignment of the judgment to himself, and thereby discharge the trust, and as he subsequently sold and transferred the judgment, he would be compelled in equity to account to Minor for the proceeds. It is not necessary that we should examine or decide upon the correctness of this proposition, as the evidence does not show that Mahony, in fact, ever became such trustee. He was not a party to that suit. His appointment by the court was upon the express condition that he should execute a bond in the sum of $1,500. He was not bound to accept the trust, and it is not shown by the evidence that he ever did accept it, or execute the bond, which was a condition precedent to his becoming such trustee.

The judgment is reversed, with costs.

*H. W. Harrington*, for appellants.

*L. Howland*, for appellee.

